IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,503-01






EX PARTE SENECA LLWELYN MCKENZIE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


TRIAL COURT CAUSE NO. 26641-A

IN THE 3RD JUDICIAL DISTRICT COURT

FROM ANDERSON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of delivery of a controlled substance, and punishment was assessed at
confinement for eighteen years. No direct appeal was taken. 

 Applicant contends that he was denied his right to appeal when the district clerk
improperly changed the file stamp date on his notice of appeal to reflect an untimely filing. 

 Applicant has alleged facts that, if true, might entitle him/her to relief. U.S. v. Cronic,
466 U.S. 648 (1984); Evitts v. Lucey, 469 U.S. 387 (1985); Griffin v. Illinois, 351 U.S. 12
(1955). In these circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc., art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is
indigent. If applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent applicant at the hearing. Tex. Code Crim. Proc., art. 26.04. 

 The trial court shall make findings of fact as to whether applicant was denied his right
to a meaningful appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


 IT IS SO ORDERED THIS THE 10TH DAY OF MAY, 2006.




DO NOT PUBLISH